Joseph M. O’Donnell, J.
This is an action upon a note which was executed in conjunction with the closing on the purchase of defendants’ house. Originally, plaintiff had contracted with one Charles Thomas and Mabelle Thomas for the property. The contract in this transaction was signed "Selma Melton by Charles Melton, her attorney in fact,” and by defendants. Defendants indicated they thought they were buying from plaintiff. Charles Melton also acted as attorney for seller and buyer in the transaction. Universal #2 Corporation was the broker. Plaintiff was the president of the broker corporation and the salesperson in the transaction.
Defendant Dorothy Nicastro testified that she was advised by Mr. Melton of the amount of funds needed on closing to which she replied that she was $1,000 short. Her testimony was that Mr. Melton told her not to worry about it, and that prior to the closing, on or about May 1, 1972, she signed the note at Mr. Melton’s instruction.
The financing of the purchase of the residence was accomplished through an FHA loan.
The issue presented is whether or not the note to the broker by the purchaser is enforceable.
In the case of Miller v Walters (34 NYS2d 341) plaintiff, an attorney, brought an action on a note by virtue of a power of attorney. In that case, defendants purchased a one-family house from Moss Homes, Inc., for $6,290. The contract of purchase provided for the purchase price to be paid as follows: $5,400 (first mortgage), $890 (cash). Defendants at the closing paid $600 in cash and gave a note in the amount of $290 as part of the purchase price to the order of D. N. Klein dated July 26, 1939 and payable on demand. Defendants paid $25 on the note, leaving, a balance of $265 for which amount plaintiff brought suit. Defendants in that case argued that the transac *503 tian itself was a violation of the National Housing Act and the administrative rules and regulations under section 203 of said act (US Code, tit 12, § 1709), which provides that there shall be no secondary financing, and that the said note was secondary financing and thus unenforceable. The question decided by the court in that case was whether the failure to comply with the rules of the Federal Housing Administration affected the original transaction between the defendants and Moss Homes, Inc. so as to render the note in suit void. The court stated (p 345): "to give validity to the note sued upon would be to sanction a violation of the purpose and spirit of the rules and regulations adopted pursuant to statute and would invite others to adopt a similar plan.” The court awarded judgment to the defendants, holding the note to be invalid.
The note in the case at bar involves a question quite similar to that presented in Miller v Walters (supra). The only difference is that in this case the note was postdated. Yet it is undisputed that the funds which formed part of the consideration came from this secondary financing. In the case of Preuit v United States (382 F2d 277), a real estate broker loaned to the purchasers the down payment necessary to obtain an FHA loan, amounting to 3% of the amount of the total mortgage loan in anticipation of a 5% commission. At the same time, the broker took back a note for that amount from the seller. The court in affirming the conviction under section 1001 of title 18 of the United States Code, willful falsification of documents within the government’s jurisdiction, stated (p 278): "It seems plain that the requirement of the down payment by the purchaser in cash was an important consideration with the FHA. It furnished assurance that the purchaser had at least some resources and some stake in the transaction; and the scheme adopted by the appellant operated completely to frustrate this objective.”
From all of the facts in the instant case, and the circumstances surrounding the sale of the property and the giving of the note, it is this court’s determination that it will not give validity to the note in question as it violates the purpose and spirit of the statute (US Code, tit 12, § 1709) and the regulations enacted thereunder.
Judgment for the defendants.